CATHERINE McINTYRE, APPELLANT, v. CHARLES CLARK AND OTHERS, RESPONDENTS.

*Final judgment in an action for dower — the sum fixed therein, as equal to one-third of the rental, cannot be subsequently altered by an order — Code of Civil Procedure, sec. 1613.*

On December 12, 1885, a decree was entered in this action adjudging the plaintiff to be entitled to dower in the premises owned by the defendant and described therein, and fixing the sum, to which she was entitled, as one-third of the yearly rental value of the property, at $211, payable quarterly. After making two quarterly payments the defendant, upon affidavits stating that the rents received did not equal the sum allowed by the decree, moved for and obtained an order directing that the plaintiff should receive one-third of the net rents which should be actually received, and no more.

*Held*, that as the court had, as required by section 1613 of the Code of Civil

Procedure, fixed a sum equal to one-third of the rental value of the real property, and specified the same in the decree, the court had no power to alter such final judgment as it had attempted to do by the order appealed from.

APPEAL by the plaintiff from an order made at Special Term, modifying a decree in favor of the plaintiff against the defendant Clark, fixing her annual payments for dower, by providing that she should receive " one-third of the net rents which shall be actually received, and no more."

Upon December 12, 1885, a decree was made in this action adjudging the plaintiff to be entitled to dower in the premises owned by the defendant and described therein, and fixing the sum to which she was entitled, as one-third of the yearly rental value of the property, at $211, payable quarterly. Upon September 10, 1886, less than a year after the entry of the decree, the defendant made this application to the court for leave to pay to the plaintiff one-third of the actual net rentals as received, and no more. The application was made upon the affidavit of the defendant's agent and attorney, upon the ground that the rents received, less expenses, did not equal the sum allowed by the decree.

*L. L. Kellogg,* for the appellant.

*Hoffman Miller* for the respondent.

PER CURIAM:

Section 1613 of the Code requires that a fixed sum, equal to one-third of the rental value of the property, shall be ascertained by the court and specified in the final judgment, which sum shall be paid to the plaintiff annually, and that the sum so to be paid was to remain a charge upon the property during the natural life of the party entitled to dower. This sum having been ascertained and fixed by the final judgment, the court had no power to alter such final judgment, by providing that a party entitled to dower should receive one-third of the net rents which should be actually received from the property, and no more.

The order should be reversed, with ten dollars costs anb disbursements.

Present — VAN BRUNT, P. J., BRADY and DANIELS, JJ.

Order reversed, with ten dollars costs and disbursements.